UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**DARRIN KENNY** : **DOCKET NO. 3:17-cv-1108**
　**D.O.C. # 103498** **SECTION P**

**VERSUS** : **JUDGE DOUGHTY**

**KEITH COOLEY** : **MAGISTRATE JUDGE HAYES**

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Darrin Kenny, who is proceeding pro se in this matter. Kenny is an inmate in the custody of the Louisiana Department of Public Safety and Corrections and is currently incarcerated at Allen Correctional Center in Kinder, Louisiana. Keith Cooley, warden of that facility and respondent in this matter, opposes the petition.

This petition is referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the court. For the following reasons **IT IS RECOMMEDED** that the petition for writ of habeas corpus be **DENIED** and **DISMISSED WITH PREJUDICE**.

# I.
# BACKGROUND

### A. *Conviction*

Kenny was charged by bill of information in the Fourth Judicial District Court, Ouachita Parish, Louisiana, with one count of aggravated burglary, a violation of Louisiana Revised Statute § 14:60, and one count of unauthorized use of a motor vehicle, a violation of Louisiana Revised Statute § 14:68.4. Doc. 10, att. 1, p. 1.

The charges related to events occurring on January 9, 2014. *Id.* The arrest warrant and police report show that Officer J.A. Hendrix of the Monroe Police Department responded to a report of a suspicious vehicle that night, and found a red Chevrolet truck with a broken window parked at a residence. *Id.* at 2, 4–5. He then observed that the back door to the house was open and glass was on the ground. *Id.* As officers were setting up a perimeter around the house, according to the report, Kenny emerged through the front door. *Id.* at 4. After being advised of his Miranda rights, he admitted that he had broken into the residence because he was homeless, that he was in the process of removing items from the home, and that he had stolen the vehicle from his employer a month ago. *Id.* at 2, 4–5. An open pocket knife with a seven-inch blade was found on the mantle of the house, and the homeowner, who arrived on the scene after Kenny's arrest, denied that it belonged to him. *Id.* Kenny admitted that he had used the knife to break into the home and intended to use it if anyone was inside the home. *Id.* The vehicle was confirmed as reported stolen out of Shreveport on December 31, 2013. *Id.* Items from the house were found inside the truck and stacked up just inside the back door. *Id.*

Kenny pleaded guilty to both charges, admitting to the factual basis described above. *Id.* at 78–91. At his sentencing hearing on September 10, 2014, he made an oral motion to withdraw guilty plea, which the court denied. *Id.* at 101–22. He was sentenced to concurrent terms of 23

years of imprisonment on the burglary conviction and 10 years on the vehicle conviction. *Id.* at 129–30. The state then announced that it was satisfied with the sentence and would not file an habitual offender bill. *Id.* at 132.

### B. *State Collateral Review*

Kenny did not file a direct appeal. Instead he first sought relief through a pro se application for post-conviction relief, filed in the state district court on March 20, 2015.[1] *Id.* at 141–52. There he raised the following claims for relief: (1) the trial court failed to furnish him with exculpatory evidence, (2) he received ineffective assistance of counsel, (3) the trial court erred by denying his motion to withdraw guilty plea, and (4) the convictions were based on evidence obtained in violation of his rights under *Miranda v. Arizona*, 86 S.Ct. 1602 (1966). *Id.* The state district court denied relief, find that Kenny's claims were without merit. *Id.* at 159–61.

Kenny filed an application for supervisory review in the Louisiana Second Circuit Court of Appeal. *Id.* at 162–68. That court denied the writ on the showing made, citing Article 930.2 of the Louisiana Code of Criminal Procedure. *Id.* at 169. Kenny then filed a writ application in the Louisiana Supreme Court, which denied same with an opinion issued on December 16, 2016. *Id.* at 170–77; *State ex rel. Kenny v. State*, 207 So.3d 1053 (La. 2016). In that opinion the Louisiana Supreme Court also incorporated the state district court's reasons for denying the application. *Kenny*, 207 So.3d at 1054–55.

### C. *Federal Habeas Petition*

The instant petition was filed on August 25, 2017. Doc. 1. Kenny renews all four claims from his state post-conviction proceedings, supra. *Id.* The respondent has filed an opposition, and Kenny has submitted a reply. Docs. 10, 11. Accordingly, the matter is now ripe for review.

---

[1] For pro se filings by an inmate, this court uses the date that the pleading was surrendered for mailing, if available, as the date of filing. If that date is not provided, we look to the date that the pleading was received by the court.

## II.
## STANDARDS ON HABEAS REVIEW

### A. Timeliness

Federal law imposes a one-year limitation period within which persons who are in custody pursuant to the judgment of a state court may seek habeas review in federal court. 28 U.S.C. § 2244(d)(1). This period generally runs from the date that the conviction becomes final. *Id.* The time during which a properly-filed application for post-conviction relief is pending in state court is not counted toward the one-year limit. *Id.* at § 2244(d)(2); *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999). However, any lapse of time before proper filing in state court *is* counted. *Flanagan v. Johnson*, 154 F.3d 196, 199 n. 1 (5th Cir. 1998).

A state application is considered pending both while it is in state court for review and also during intervals between a state court's disposition and the petitioner's timely filing for review at the next level of state consideration. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001). The limitations period is not tolled, however, for the period between the completion of state review and the filing of the federal habeas application. *Rhines v. Weber*, 125 S.Ct. 1528 (2005). Accordingly, in order to determine whether a habeas petition is time-barred under the provisions of §2244(d) the court must ascertain: (1) the date upon which the judgment became final either by the conclusion of direct review or by the expiration of time for seeking further direct review, (2) the dates during which properly filed petitions for post-conviction or other collateral review were pending in the state courts, and (3) the date upon which the petitioner filed his federal habeas corpus petition.

### B. Exhaustion and Procedural Default

Exhaustion and procedural default are both affirmative defenses that may be considered waived if not asserted in the respondent's responsive pleadings. *E.g.*, *Cupit v. Whitley*, 28 F.3d

532, 535 (5th Cir. 1994). However, the federal district court may also consider both doctrines on its own motion. *Magouirk v. Phillips*, 144 F.3d 348, 357–59 (5th Cir. 1998). Therefore we consider any assertions by respondent under these doctrines, in addition to conducting our own review.

### *1. Exhaustion of State Court Remedies*

The federal habeas corpus statute and decades of federal jurisprudence require that a petitioner seeking federal habeas corpus relief exhaust all available state court remedies before filing his federal petition. 28 U.S.C. § 2254(b)(1); *e.g.*, *Whitehead v. Johnson,* 157 F.3d 384, 387 (5th Cir. 1998). This is a matter of comity. *Ex parte Royall*, 6 S.Ct. 734, 740–41 (1886). In order to satisfy the exhaustion requirement, the petitioner must have "fairly presented" the substance of his federal constitutional claims to the state courts "in a procedurally proper manner according to the rules of the state courts." *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001); *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). Each claim must be presented to the state's highest court, even when review by that court is discretionary. *Wilson v. Foti*, 832 F.2d 891, 893–94 (5th Cir. 1987). The exhaustion requirement is not satisfied if the petitioner presents new legal theories or entirely new factual claims in support of his federal habeas petition. *Brown v. Estelle*, 701 F.2d 494, 495 (5th Cir. 1983).

In Louisiana the highest court is the Louisiana Supreme Court. *See* LSA–Const. art. 5, § 5(a). Thus, in order for a Louisiana prisoner to have exhausted his state court remedies he must have fairly presented the substance of his federal constitutional claims to the Louisiana Supreme Court in a procedurally correct manner, based on the same general legal theories and factual allegations that he raises in his § 2254 petition.

### *2. Procedural Default*

When a petitioner's claim is dismissed by the state court based on state law grounds, and those grounds are independent of the federal question and adequate to support the judgment, he may not raise that claim in a federal habeas proceeding absent a showing of cause and prejudice or that review is necessary "to correct a fundamental miscarriage of justice." *Coleman v. Thompson*, 111 S.Ct. 2546, 2553–54, 2564 (1991) (internal quotations omitted). Procedural default exists where (1) a state court clearly and expressly bases its dismissal of the petitioner's constitutional claim on a state procedural rule and that procedural rule provides an independent and adequate ground for the dismissal ("traditional" procedural default) or (2) the petitioner fails to properly exhaust all available state court remedies and the state court to which he would be required to petition would now find the claims procedurally barred ("technical" procedural default). In either instance, the petitioner is considered to have forfeited his federal habeas claims. *Bledsue v. Johnson*, 188 F.3d 250, 254–5 (5th Cir. 1999). This is not a jurisdictional matter, but instead a doctrine "grounded in concerns of comity and federalism." *Trest v. Cain*, 118 S.Ct. 478, 480 (1997). The grounds for traditional procedural default must be based on the actions of the last state court rendering a judgment. *Harris v. Reed*, 109 S.Ct. 1038, 1043 (1989). To serve as adequate grounds for a federally cognizable default, the state rule "must have been firmly established and regularly followed by the time as of which it is to be applied." *Busby v. Dretke*, 359 F.3d 708, 718 (5th Cir. 2004) (internal quotations omitted).

### *C. General Principles*

When a state court adjudicates a petitioner's claim on the merits, this court reviews the ruling under the deferential standard of 28 U.S.C. § 2254(d). *E.g.*, *Corwin v. Johnson*, 150 F.3d 467, 471 (5th Cir. 1998). That statute provides that a writ of habeas corpus shall not be granted

unless the state court's adjudication resulted in a decision that was (1) contrary to clearly established federal law or involved an unreasonable application of that law, or (2) based on an unreasonable determination of the facts in light of the evidence before the state court. 28 U.S.C. § 2254(d). Where a habeas court is faced with an unexplained decision on the merits, it "looks through" that decision to the last related state court decision that provides a relevant rationale and presumes that the unexplained decision adopts the same reasoning. The respondent may rebut the presumption by showing that the unexplained decision most likely relied on different grounds than the reasoned decision below. *Wilson v. Sellers*, 138 S.Ct. 1188 (2018). Our review, however, ultimately encompasses "only a state court's decision, and not the written opinion explaining that decision." *Maldonado v. Thaler*, 625 F.3d 229, 239 (5th Cir. 2010) (internal quotations omitted); *see also Santellan v. Cockrell*, 271 F.3d 190, 193 (5th Cir. 2001) ("The statute compels federal courts to review for reasonableness the state court's ultimate decision, not every jot of its reasoning.") Even if the state court issues a summary denial of the claim, "the habeas petitioner's burden still must be met be showing there was no reasonable basis for the state court to deny relief." *Harrington v. Richter*, 131 S.Ct. 770, 784 (2011).

The first standard, whether the state court's adjudication was contrary to or involved an unreasonable application of clearly established federal law, applies to questions of law as well as mixed questions of law and fact. The petitioner must demonstrate that the state court's decision was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 131 S.Ct. at 786–87. A decision is only contrary to clearly established federal law "if the state court applies a rule that contradicts the governing law set forth [by the Supreme Court], or if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at

a [contrary result]." *Bell v. Cone*, 125 S.Ct. 847, 851 (2005) (quotations and citations omitted). As the Court recently emphasized, "circuit precedent does not constitute 'clearly established Federal law, as determined by the Supreme Court.' . . . Nor, of course, do state-court decisions, treatises, or law review articles." *Kernan v. Cuero*, 138 S.Ct. 4, 9 (2017) (internal citation omitted).

The second standard – whether the state court's adjudication was based on an unreasonable determination of the facts in light of the evidence – applies only to questions of fact. It is insufficient for a petitioner to show that the state court erred in its factual determination. Instead, he must demonstrate that the factual determination was objectively unreasonable, a "substantially higher threshold." *Schriro v. Landrigan*, 127 S.Ct. 1933, 1939 (2007). "[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 130 S.Ct. 841, 849 (2010). Instead, a presumption of correctness attaches to the state court's factual determinations and the petitioner must rebut this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### III.
### LEGAL ANALYSIS

*A. Timeliness*

Because Kenny did not file a direct appeal, his conviction became final on October 11, 2014, when his time for filing a notice of appeal under Louisiana law expired. *Roberts v. Cockrell*, 319 F.3d 690, 694–95 (5th Cir. 2003); La. C. Cr. P. art. 914. Accordingly, **160 days** accrued against § 2244(d)'s one-year limitations period before he filed his application for post-conviction relief on March 20, 2015. The limitations period remained tolled until the Louisiana Supreme Court's ruling on December 16, 2016, meaning that an additional **252 days** accrued before the instant petition was filed on August 25, 2017. Thus, **412 days** have accrued against § 2244(d)'s one-year limit since Kenny's conviction and sentence became final and the instant petition is untimely.

The respondent concedes that all claims raised here were exhausted on the merits in state court. Doc. 10, pp. 4–5. He also states that he has not been prejudiced by Kenny's delay in filing and that he does not object to the court affording Kenny the benefit of equitable tolling. *Id.* Neither party identifies grounds for equitable tolling, which should only be applied in "rare and exceptional circumstances." *Felder v. Johnson*, 204 F.3d 168, 170–71 (5th Cir. 2000). The district court is permitted to consider a habeas defense when the respondent fails to raise it. *Wood v. Milyard*, 132 S.Ct. 1826, 1830 (2012). However, if the respondent is aware of a limitations defense and chooses not to raise it, the district court may not disregard that choice. *Id.* (citing *Day v. McDonough*, 126 S.Ct. 1675, 1679, 1684–85 & n. 11 (2006)). Here the respondent expressly recognized the applicable limitations period and stated generally that he would not object to the petitioner's attempt to use the doctrine of equitable tolling to excuse himself from that limitation. Doc. 10, pp. 4–5. Accordingly, we deem the issue waived by respondent.

### B. Exhaustion and Procedural Default

As the respondent concedes, all four claims raised in this matter were exhausted in the state courts, on the merits, and there is no basis for imposing a procedural default. Because the Louisiana Supreme Court provided written reasons with its denial, that decision operates as the last decision on the merits and the one under § 2254(d) review.

### C. Merits Consideration

#### 1. Failure to provide exculpatory evidence

Kenny claims that the state district court denied him access to "exculpatory" evidence by refusing to provide transcripts of his plea hearings. The Louisiana Supreme Court noted generally, under Article 930.2 of the Louisiana Code of Criminal Procedure, that Kenny had failed to carry his burden with respect to this claim. *Kenny*, 207 So.3d at 1054. It also incorporated the state

-9-

district court's opinion, which reviewed the record and noted that Kenny had already been provided with the free copies to which he was entitled under law and was merely complaining of the fact that the court was requiring him to pay for copies of the transcripts. *Id.* at 1054–55.

An indigent criminal defendant pursuing a first appeal of right is entitled to a free copy of trial court proceedings, in order to assure an adequate and effective appeal. *Evitts v. Lucey*, 105 S.Ct. 830, 834–35 (1985). Thereafter, however, a prisoner is not entitled to free copies of transcripts and other portions of the record to search for possible error for collateral review, even if he is indigent. *Bonner v. Henderson*, 517 F.2d 135, 136 (5th Cir. 1975). To the extent that Kenny is alleging constitutional error under *Brady v. Maryland*, 83 S.Ct. 1194 (1963), based on his general allegation that the transcripts contain exculpatory evidence, we note that the Supreme Court has already held that *Brady* does not extend to the post-conviction context. *District Attorney's Office for Third Judicial Dist. v. Osborne*, 129 S.Ct. 2308, 2319–20 (2009). Accordingly, Kenny fails to show that the state court's conclusion was contrary to or involved an unreasonable application of federal law. He is therefore not entitled to habeas relief on this claim.

### 2. *Ineffective assistance of counsel*

Kenny next complains that his counsel was ineffective because he did not investigate or argue a plausible defense. The Louisiana Supreme Court noted generally that Kenny had not shown ineffective assistance under *Strickland v. Washington*, infra. *Kenny*, 207 So.3d at 1054. It also incorporated the state district court's written reasons, which also found generally that Kenny did not meet the *Strickland* standard. *Id.* at 1054, 1056.

Claims of ineffective assistance of counsel are gauged by the guidelines set forth by the Supreme Court in *Strickland v. Washington*, 104 S.Ct. 2052 (1984). Under *Strickland*, a petitioner must demonstrate: (1) that his counsel's performance was deficient, requiring a showing that the

-10-

errors were so serious such that he failed to function as "counsel" as guaranteed by the Sixth Amendment, and (2) that the deficiency so prejudiced the defendant that it deprived him of a fair trial. *Id.* at 2064. The first prong does not require perfect assistance by counsel; rather, petitioner must demonstrate that counsel's representation fell beneath an objective standard of reasonableness. *Id.* Judges have been cautioned towards deference in their review of attorney performance under *Strickland* claims in order to "eliminate the potential distorting effect of hindsight." *Rector v. Johnson*, 120 F.3d 551, 563 (5th Cir. 1997) (quoting *Strickland*, 104 S.Ct. at 1065) (quotations omitted). Accordingly, the court should "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

The second prong requires the petitioner to show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 104 S.Ct. at 2055–56. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 2056. In other words, the petitioner must show prejudice great enough to create a substantial, rather than conceivable, likelihood of a different result. *Pape v. Thaler*, 645 F.3d 281, 288 (5th Cir. 2011) (quoting *Cullen v. Pinholster*, 131 S.Ct. 1388, 1403 (2011)). In a guilty plea context, this means that the petitioner must demonstrate "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 106 S.Ct. 366, 370 (1985). "Both of [Strickland's] prongs must be proven, and the failure to prove one of them will defeat the claim, making it unnecessary to examine the other prong." *Williams v. Stephens*, 761 F.3d 561, 566–67 (5th Cir. 2014).

Kenny alleges that his attorney, David Loveridge, led him to believe that the evidence "was damaging more than helpful" and "coerced him into making a hasty, ill advised decision to plead guilty to avoid a possible life sentence because of [his] past." Doc. 1, att. 1, pp. 13–14. Kenny

-11-

maintains that Loveridge should have found a way to have his (Kenny's) taped confession ruled inadmissible and to show that Officer Hendrix lied in the warrant and police report, cited supra, and in his testimony at the preliminary hearing. *Id.* at 14. Finally, he complains of Loveridge's failure to support his motion to withdraw guilty plea. *Id.* at 14–15.

Kenny provides nothing to support his allegations that exculpatory evidence existed or that Loveridge's advice was based on an inadequate investigation. The record shows that Loveridge filed a motion for discovery and inspection and an objection to the state's motion for discovery and inspection as overly broad. Doc. 10, att. 1, pp. 21–24; *id.* at 49. A comparison of Hendrix's testimony at the preliminary hearing with the warrant and police report reveals no basis for Kenny's claim that his testimony could have been impeached. *Id.* at 52–59. Kenny also complains that Hendrix "was not the arresting officer, he was only the first officer on the scene." Doc. 11, pp. 4–5. However, the report identifies that there were multiple officers at the scene and Kenny fails to show any material discrepancies in the document he identifies as the arresting officer's report. *See* doc. 1, att. 1, p. 62. Kenny likewise shows no basis for having his statements suppressed under *Miranda*, other than his unsupported beliefs, and moreover no basis for prejudice if that confession had been thrown out. Additionally, the record contains Kenny's lengthy criminal history, summarized by the court at sentencing as containing nine groupings of felony convictions. Doc. 10, att. 1, pp. 33–38, 126–27. Given Kenny's age at sentencing – fifty years old – and his likely exposure under Louisiana's habitual offender statute, Louisiana Revised Statute § 15:529.1, he can show no error based on any advice that he risked going to jail for the rest of this life.[2] *See id.* at 129.

---

[2] In his reply Kenny contends that, at most, he should have been charged with simple burglary because no one was in the home when he broke in. Doc. 11, p. 4. Although a conviction for aggravated burglary requires that the dwelling be inhabited, this does not mean that someone must be presently inside when the burglary occurs. *E.g.*, *State v. Hall*, 796 So.2d 164, 167 n. 1 (La. Ct. App. 2d Cir. 2001).

Finally, as to Kenny's complaint of counsel's failure to support his motion to withdraw guilty plea, his only basis for so moving was his dissatisfaction that he did not receive a greater benefit for pleading guilty.[3] Doc. 10, att. 1, p. 102. Withdrawal of a plea is generally within the court's discretion. *See* La. C. Cr. P. art. 559. A defendant's dissatisfaction with the benefit (or lack thereof) that he receives in exchange for his plea is not a permissible basis for withdrawal. *State v. Fontenot*, 535 So.2d 433, 434–35 (La. Ct. App. 3d Cir. 1988). Instead the court looks to factors such as breach of the plea bargain, misleading advice of counsel, inducement, and strength of the evidence of actual guilt – none of which appears to support granting the motion to withdraw in this matter. *State v. Stewart*, 109 So.3d 915, 919 (La. Ct. App. 2d Cir. 2013). Counsel is not required to make futile motions or objections. *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990).

Kenny's mere wish that his counsel had found some way to have the evidence against him thrown out or to decrease his exposure at sentencing is not enough to show that counsel performed deficiently. Meanwhile, the record in his case shows no basis for second-guessing counsel's performance or advice. Kenny has not satisfied *Strickland*'s first prong. He therefore shows no error to the state court's ruling and no right to federal habeas relief.

### 3. *Motion to withdraw guilty plea*

Next, Kenny contends that the state district court erred by denying his motion to withdraw guilty plea. The Louisiana Supreme Court found that Kenny failed to carry his burden of proof on this claim. *Kenny*, 207 So.3d at 1054. It also incorporated the state district court's conclusion that the claim was without merit, based on the court's finding that his plea was knowingly and

---

[3] As the court and assistant district attorney made clear before the plea was accepted, while Kenny was present in court, Kenny received no sentencing recommendation or agreement that habitual offender proceedings would not be filed in exchange for his guilty plea. *See* doc. 10, att. 1, pp. 85–91.

voluntarily entered under the standards set forth in *Boykin v. Alabama*, 89 S.Ct. 1709 (1969). *Id.* at 1056–57.

"The longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Hill v. Lockhart*, 106 S.Ct. 366, 369 (1985) (quoting *North Carolina v. Alford*, 91 S.Ct. 160, 164 (1970)). Under *Boykin v. Alabama*, supra, it is plain error for a trial court to accept a defendant's guilty plea without ensuring that it is intelligent and voluntary. 89 S.Ct. at 1711. Thus, in order for a guilty plea to be constitutionally valid, the defendant must be advised that he has a privilege against compulsory self-incrimination, a right to trial by jury, and a right to confront his accusers, and he must waive these rights on the record. *Id.* at 1712. Due process also requires that the defendant be advised of the maximum sentence for his conviction, though constitutional error will not result from the trial court's failure to so advise if the defendant has already been made aware of this fact from some other source. *Burton v. Terrell*, 576 F.3d 268, 271–73 (5th Cir. 2009). Official court records "are entitled to a presumption of regularity and are accorded great evidentiary weight" on habeas review, and the defendant's statements in open court likewise "carry a strong presumption of verity." *Hobbs v. Blackburn*, 752 F.2d 1079, 1081–82 (5th Cir. 1985); *Blackledge v. Allison*, 97 S.Ct. 1621, 1629 (1977).

In this matter Kenny moved to withdraw his guilty plea because "it was a spur of the moment decision" and he was dissatisfied with the lack of benefit received in exchange for his plea. Doc. 10, att. 1, pp. 101–03. At his plea hearing, however, he waived the rights described above in open court and admitted to the factual bases for his convictions. *Id.* at 78–85. He also acknowledged the sentence ranges and potential that he could still be billed as an habitual offender. *Id.* at 85–91. Kenny presents no basis for rebutting the presumption created by his statements, or

for otherwise doubting the constitutional validity of his plea. Accordingly, he shows no error to the state court's decision and no right to federal habeas relief on this claim.

***4. Miranda violation***

Kenny argues that, contrary to Officer Hendrix's assertions above, he was not advised of his *Miranda* rights before confessing to officers at the scene of the burglary. The Louisiana Supreme Court held that Kenny had not met his burden on this claim, and adopted the state district court's reasoning that there was no *Miranda* violation because his guilty plea meant that "he was not convicted based upon any evidence." *Kenny*, 207 So.3d at 1054, 1057.

Failure to administer a *Miranda* warning when required creates a presumption that the unwarned statements were compelled, in violation of a defendant's Fifth Amendment rights. *Oregon v. Elstad*, 105 S.Ct. 1285, 1291–92 (5th Cir. 1985). In this matter, the fact that Kenny did not proceed to trial limits his challenges to his confession to issues of (1) voluntariness of the plea, (2) the defendant's understanding of the charges against him, and (3) his understanding of the consequences of the plea. *Hume v. Stephens*, 2014 WL 988538, at *13 (N.D. Tex. Mar. 13, 2014) (citing *Hill v. Lockhart*, supra, 106 S.Ct. at 369); *see also McMann v. Richardson*, 90 S.Ct. 1441, 1449 (1970) ("[A] defendant who alleges that he pleaded guilty because of a prior coerced confession is not, without more, entitled to a hearing on his petition for habeas corpus.")

Kenny fails to show, based on the record above, that the plea was involuntary. He alleges that his attorney should have moved to suppress his confession, but does not show that his attorney misled him in any way about the availability of suppression as a remedy or his chances of success on such a motion, assuming *arguendo* that his confession was obtained in violation of *Miranda*. *See* doc. 1, att. 1, pp. 18–19. Furthermore, the police report and arrest warrant reflect – and Kenny fails to refute – that Kenny was caught with a stolen vehicle and in the process of burglarizing a

home with a knife. Doc. 10, att. 1, pp. 2–5. Therefore he cannot show that he was misled by his attorney's advice to plead guilty, even if the confession might be suppressed. Accordingly, he demonstrates no error to the state court's ruling and no right to habeas relief on this claim.

### D. *Evidentiary Hearing*

In his reply memorandum, Kenny contends that his guilty plea was coerced and requests an evidentiary hearing. Doc. 11. Generally, habeas review is limited to the record that was before the state court that adjudicated the claim on the merits. *Pinholster*, supra, 131 S.Ct. 1388, 1398. A habeas petitioner who failed to develop the factual basis of a claim in state court is only entitled to an evidentiary hearing if he can show that the claim relies on (1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (2) a factual predicate that could not have been discovered through the exercise of due diligence. 28 U.S.C. § 2254(e)(2)(A). He must also show that "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found [him] guilty of the underlying offense." *Id.* at § 2254(e)(2)(B). Furthermore, regardless of whether the failure to develop the factual basis is attributable to the petitioner, a district court is not required to hold an evidentiary hearing if the record refutes the petitioner's factual allegations or otherwise precludes habeas relief. *Schriro v. Landrigan*, 127 S.Ct. 1933, 1940 (2007). The record clearly refutes all factual allegations that could show a possible right to relief on Kenny's part. Accordingly, there is no basis for granting an evidentiary hearing in this matter.

## IV.
### CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that the instant petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

**THUS DONE** in Chambers this 26th day of April, 2018.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE